## IN RE ESTATE OF MICHAEL CLIFFORD.

### MARY CLIFFORD v. JOHANNA COLBERT AND ANOTHER.[1]

November 29, 1918.

No. 21,026.

**Descent and distribution — proof of heirship — evidence.**

Action, under the provisions of c. 72, Laws of 1917, to establish heirship to certain property. Testimony examined and *held* sufficient to support the judgment.

[1]Reported in 169 N. W. 529.

The estate of Michael Clifford, deceased, was administered in the probate court of Hennepin county and a final decree entered distributing the whole of the estate, after payment of debts and charges, to the state of Minnesota. Thereafter Mary Clifford petitioned the district court of that county for a decree that she was a sister of deceased, his sole heir at law, and entitled to his estate. Johanna Colbert and Catherine Delaney filed their complaint in intervention, alleged that they were the sisters and sole heirs of deceased and prayed that they be allowed to prove their claims. The matter was heard by Steele, J., who made findings and ordered judgment in favor of Johanna Colbert and Catherine Delaney. From the judgment entered pursuant to the order for judgment, Mary Clifford appealed. Affirmed.

*J. N. Bearnes* and *Charles B. Elliott,* for appellant.

*John J. Dwyer* and *S. P. Crosby,* for respondents.

QUINN, J.

Michael Clifford died intestate at Minneapolis in this state in October, 1913, leaving about $4,000 on deposit in one of the banks of that city. The estate was probated. Four persons claiming to be distant relatives of the deceased appeared and attempted to establish heirship to the estate. After a full hearing the probate court entered a decree adjudging that, the claimants having failed to establish their heirship, the residue of the estate, after payment of funeral expenses and costs, escheat to the state. An appeal was taken to the district court where the decree of the probate court was affirmed January 12, 1915, and $3,721.31 was accordingly paid into the state treasury.

Subsequently Mary Clifford filed her petition in the district court of Hennepin county under the provisions of chapter 72, Laws of 1917, claiming to be a sister and sole heir-at-law of the said Michael Clifford, deceased, and entitled to the money so paid into the state treasury.

Johanna Colbert and Catherine Delaney, respondents herein, appeared and filed an intervening complaint claiming that they and not Mary Clifford were the sisters and sole heirs-at-law of the deceased and entitled to the money. A full and complete trial was had in the district court, many witnesses were examined, and much testimony adduced. The parties were represented by counsel and the attorney general attended

throughout the trial on behalf of the state. The trial court thereafter made its findings and conclusions in which it found that the plaintiff Mary Clifford was not the next of kin and heir-at-law of Michael Clifford, deceased, and that the interveners, Johanna Colbert and Catherine Delaney were the next of kin and only heirs-at-law of Michael Clifford, deceased, and were entitled to take, under the laws of descent and distribution, the estate of said Michael Clifford, deceased, and ordered judgment accordingly. Thereafter judgment was entered pursuant to the findings and order of the district court, from which this appeal was taken.

It appears that the only question here for determination is whether the findings and conclusions made by the trial court were justified by the evidence.

It is probable, judging from the record in this case, that two families named Clifford lived in the vicinity of Galena in the state of Illinois, just prior to the Civil War. Each of the claimants in this proceeding claimed to be descended from Michael Clifford, who resided in that vicinity at that time. A very pertinent question seems to be: To which of these families did the Michael Clifford who died in Minneapolis in October, 1913, belong? According to the testimony of the respondent Johanna Colbert, her paternal grandmother's name was Fitzgerald, her father's name was Michael Clifford, and she had two brothers and one sister, Michael, Patrick and Catherine. In 1864 the family lived at Vinegar Hill, near Galena, in the state of Illinois. Her father was drafted into the army and hired a substitute. Later he was again drafted and ran away, going to a place near Dubuque, in the state of Iowa, where he took the name Fitzgerald. Her brother Michael remained at Vinegar Hill for a time, but later went to Dubuque. In 1866 Michael quarrelled with his father and left home. She never heard of him afterwards. He was about 17 or 18 years old at that time and witness was eight or ten years of age. About eight years before witness was married they received a letter from Michael from Red Lake, Minnesota, where he said he had bought a farm. Mrs. Colbert was shown a picture of Michael Clifford taken after his remains were in the casket, and she testified in relation thereto, in effect, that she would know him as her brother; that she identified him simply by his features, his nose and forehead, and that her best judgment was that it was he.

There is testimony that in July, 1913, when the deceased was about to make a deposit in the Minneapolis bank, he was requested by the bank to sign an identification card, and in so doing gave his mother's name as Helen Fitzgerald. The witness Murphy testified that since 1859 he had resided at Vinegar Hill and knew the Clifford family, attending the same church with them, and knew the boy Michael; that the family moved to Iowa and that in 1872 he met Michael on a steamer on his way to Minnesota; that he asked him if he was not Mike Clifford who used to live at Vinegar Hill; that he answered: "Yes, I have changed my name. I go by the name of Fitzgerald." Other witnesses who knew the Cliffords at Vinegar Hill testified about meeting members of that family in Iowa where they went by the name of Fitzgerald. It is along these lines that the respondents claim to have established the identity of Michael Clifford, deceased, and their relationship to him. There was further evidence along these lines. The trial court saw the witnesses and heard them testify and we think its conclusions are supported by the evidence and that there is no occasion for interference therewith.

No good will follow special mention of the claims and contentions of the plaintiff as to her relationship to the deceased. The trial court, as it clearly appears, was not satisfied with the testimony offered in her behalf and clearly so indicated in its findings.

The judgment appealed from is affirmed.